### FIRST FARMERS NATIONAL BANK v RUSSELL et

Ohio Appeals, 2nd Dist, Darke Co

No 393. Decided Dec 17, 1931

Billingsley, Spidel & Mannix, Greenville, for plaintiff in error.

John F. Maher, Greenville, Chattin & Wise for defendant in error.

HORNBECK, J.

The principal controversy of fact arose out of an agreement under which the check in question was given. Spidel had issued checks in the sum of $1042.00 to Barton & Russell for part of the poultry which was in the car which Spidel was on and prior to January 3, 1930 loading preparatory to shipping east. The checks had been presented, payment refused and protested. The car in its movement to the east had been side-tracked at Union City, Indiana for the purpose of loading more poultry and from there was to be shipped by the C.C.C. & St. L. Railroad Company to New Jersey. On January 4, 1930 while the car was at Union City, Barton & Russell instituted attachment proceedings against the poultry on their claims. As a result of the tieing up of the car of poultry upon which the bank had advanced, as it claims, the sum of $3500 to Spidel a conference was arranged and took place. It was held in the offices of Billingsley, Spidel and Mannix at which time and place were present defendant, Potts, Mr. Haines, Mr. Billingsley, W. D. Spidel and Mr. Chattin. The result of this conference was that an adjustment of the claims of Barton & Russell was made on Saturday, January 4, 1930. By way of settlement of the claim of Barton & Russell, Mr. Potts gave the check in question for the sum of $1050.00, the amount thereof being representative of the claims of Barton & Russell, plus certain costs and expenses. The car was released

'for shipment and had proceeded to Ansonia, Ohio when it was again attached by another creditor of Spidel. Thereafter, on Sunday, Potts called Chattin of counsel for Barton & Russell and said to him the check would not be paid upon presentation the following Monday stating as the reason that the car had not proceeded uninterruptedly to its destination. Chattin & Wise then had the check endorsed for collection. Upon presentation of the check payment was refused resulting in the institution of this action against the defendants. The immediate difference between the parties respecting the agreement heretofore set out related to the condition under which counsel for Barton & Russell accepted the check and released the car for shipment. Defendants insisted that the condition upon which the check was given and was to be paid was that the car of poultry should proceed without interruption to its destination, thereby enabling the bank to secure the proceeds of the sale price. It was the claim of plaintiffs that there was no condition attached to the giving of the check other than that the attachment proceeding would be dismissed thereby, the car released and permitted to be shipped from Union City.

The conflict on this latter question was so sharp and so divergent and presented so peculiarly a question of fact for the jury and within its province to determine, that we would not be disposed to disturb its conclusion which was against the claim of the defendants.

In as much as the verdict was against the bank only, if any cause of action was asserted against it by the amended petition, then it cannot be heard to say that it was prejudiced by the action of the Court respecting the demurrers attacking the amended petition on the ground of improper parties, misjoinder of the parties and joining of the defendant bank and defendant Potts on the doctrine of respondeat superior. **Gutridge, Admr, vs Vanatta, 27 Oh St, 366.**

It was the theory of the plaintiffs that defendant, Potts, as cashier was authorized to and did bind the bank by the giving of the check in question and that he further guaranteed the payment of the check. We do not feel this to be an inconsistency which is irreconcilable at law.

The second cause of action clearly states a cause of action against the bank and the verdict and judgment in the most favorable intendment to the plaintiffs is supported by the evidence. We have only a general verdict with no interrogatories and must indulge all reasonable presumptions which will support the verdict. Applying this test

to the record in this case, we find no error intervening to the manifest prejudice of defendant, Bank. The judgment will be affirmed.

ALLREAD, PJ and KUNKLE, J, concur.